NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GUANG XIAO,

               Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No.   21-71045

Agency No. A205-778-612

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022[**]
San Francisco, California

Before: McKEOWN and W. FLETCHER, Circuit Judges, and VRATIL,[***]
District Judge.

Guang Xiao seeks review of the Board of Immigration Appeals ("BIA")

decision dismissing his appeal of the Immigration Judge's ("IJ") decision that he

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

lacked credibility and was not eligible for relief from removal. We have jurisdiction under 8 U.S.C. § 1252, and we review both the BIA and IJ decisions, including adverse credibility determinations, under the substantial evidence standard. *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Xiao lacked credibility, due to: (1) misrepresentations on his 2006 visa application (regarding, e.g., his history of arrest, his marital status, his education, and his reason for coming to the United States); (2) inconsistencies regarding his affiliation with U.S. churches; (3) inconsistencies regarding his religious affiliation; and (4) inconsistencies regarding the number of participants in his Chinese church, and how many were arrested. Further, the IJ found Xiao to be non-responsive—a finding noted by the BIA but unaddressed by Xiao.

Collectively the misrepresentations, inconsistencies, and non-responsiveness provide substantial evidence to support the agency's determination, especially in light of the 2006 visa application and our recent decisions underscoring the importance of apparent dishonesty to the asylum inquiry. *See, e.g., Kumar v. Garland*, 18 F.4th 1148, 1155 (9th Cir. 2021) ("falsehoods and fabrications weigh particularly heavily in the adverse credibility inquiry"); *Li v. Garland*, 13 F.4th 954, 960–61 (9th Cir. 2021) (holding the same). We note, in particular, that the misrepresentations in the 2006 visa application were made years before the events

2

that gave rise to his applications for asylum and related relief. *Contra Guo v. Ashcroft*, 361 F.3d 1194, 1202 (9th Cir. 2004). Even a charitable reading of the record would not compel a reasonable adjudicator to conclude that the agency erred in its adverse credibility determination. *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014).

Finally, the agency appropriately concluded that, because it determined that Xiao was not credible, it could deny his applications for withholding of removal and Convention Against Torture protection on the same basis. *Alvarez-Santos v. I.N.S.*, 332 F.3d 1245, 1255 (9th Cir. 2003).

**PETITION DENIED.**